## GEORGE & CHAPMAN v. EAST TENNESSEE COAL COMPANY.

1. CONTRACTS. *Sufficiency of consideration.* A contract to furnish plaintiff the trade of miners and workmen is sufficiently supported by the consideration that defendant shall receive eight per cent. on all such sales.

2. SAME. *Validity of.* Such a contract is not in restraint of trade, nor immoral nor contrary to law, and is therefore valid.

3. SAME. *Agreement not to carry on business.* A contract not to carry on one's business any where is void, but a contract not to carry it on in a particular place, or within certain limits, is valid.

4. SAME. *Damages.* If the contract was made and violated without excuse, plaintiff would be entitled to some damages.

### FROM KNOX.

Appeal in error from the Circuit Court of Knox county. S. A. ROGERS, J.

JOHN W. GREENE for George & Chapman.

LUCKEY & YOE for Coal Company.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiffs sued the defendant in the circuit court of Knox county for breach of contract. Plaintiffs were merchants, and defendants had miners and workmen employed. The contract, as averred in plaintiffs' declaration, was, that defendants should furnish plaintiffs the trade of their miners and workmen, and in consideration therefor defendants should receive eight per cent. on sales to said miners and workmen, and either party might terminate the contract on giving six months' notice. Plaintiffs aver readiness and willingness to comply, and that both parties performed their part until March 1, 1883, when defendants opened a store of their own, and abandoned the contract without giving notice, by reason whereof plaintiffs were deprived of large profits, etc., to their damage, etc.

A second count, substantially like the first, sets out the manner by which they were to keep accounts and settle.

The defendants demurred because:

First. The contract was void for uncertainty.

Second. It was *nudum pactum*.

Third. There was no consideration.

Fourth. Damages too remote and uncertain.

Fifth. Contract is against public policy.

The demurrer was sustained, with leave to amend. Plaintiffs filed an amended declaration averring a

George & Chapman *v.* Coal Company.

contract to furnish goods, etc., and condition that either party might terminate it by six months' notice, also averring performance and readiness to perform by plaintiffs, and breach, without notice, by defendants.

In a second count plaintiffs set out the facts that defendants were mining coal, having a large number of employes, and having a contract with said miners and workmen to receive, in part payment of their wages, goods, wares, and merchandise and provisions, contracted with plaintiffs for the exclusive supply from plaintiffs' store for such supplies, which plaintiffs were always ready and willing to furnish, in consideration of which defendants were to receive eight per cent. on all sales to said employes, with liberty to either party to rescind the contract on six months' notice.

The plaintiffs then aver that defendants withdrew without giving notice, cutting off a large trade with said miners and employes for six months, to their damage, etc.

Defendants again demurred, and the demurrer was sustained, suit dismissed, and plaintiffs filed the record for writ of error. The causes of demurrer are: First. Because plaintiffs do not aver 'that they were able or willing to perform their part of the contract. But in the first count they do aver that they have always stood ready and willing to comply with their part of said contract, and that the same was performed by both parties up to March 1, 1883. Second and third causes are that the contract sued on is *nudum pactum;* and void for uncertainty. The consideration is to furnish goods and discount the bills eight per cent.,

and is a sufficient consideration to support defendant's promise. The terms of the contract are set out, and are sufficiently explicit.

The third and fourth causes are that the contract is against public policy, and the damages claimed too remote and uncertain. The court sustained the demurrer, and dismissed the bill, and the Referees recommend an affirmance of the decree, and plaintiffs except.

If the contract is prohibited by law, if it be immoral, or contrary to public policy, it cannot be enforced. A contract not to carry on one's trade anywhere is void. But a contract not to carry it on in a particular place, or within certain limits is valid : 2 Parsons on Con., 748. In Note Z, citing numerous cases, showing progressive decisions from very early English cases to comparatively modern ones in that country and in this, the doctrine first held in the English cases is much qualified, and is as stated in the text. The same note cites the case of *Gale* v. *Reed,* 8 East, 80, very similar in its main features to this case. There A. & B. agreed to give C. two shillings on every hundred weight of cordage they should make, on the recommendation of C., for any of his friends and connections, C. binding himself not to carry on the business of a rope-maker. This was held to be a legal ˈcontract. We see nothing in this contract contrary to public policy. It is not in restraint of trade, nor immoral, nor contrary to law. Being a contract which the parties might make without violation of law, the demurrer to the decla-

rations was improperly sustained. The plaintiffs, if the contract was made, and has been violated without excuse, would be entitled to some damages.

The report of Referees will be set aside, the judgment reversed, and cause remanded for further proceedings.